UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-218-HRW

ROY McDANEL                                                                                           PLAINTIFF

VS:                             **MEMORANDUM OPINION AND ORDER**

JOHN REES, ET AL.                                                                                  DEFENDANTS

Roy McDanel, the *pro se* plaintiff who is confined in the Luther Luckett Correctional Complex ("LLCC") in LaGrange, Kentucky, has filed several submissions which are now before the Court for consideration. These filings consist of: (1) a "Motion to Reconsider and Amend Preliminary Injunction" [Record No. 10]; (2) a "Motion for Leave to Dispense with Any Copy Requirement" [Record No. 11]; and (3) a tendered "Complaint" [Record No. 12].[1]

PROCEDURAL HISTORY

On November 14, 2005, the plaintiff initiated this proceeding by filing a "Motion for Preliminary Injunction"[Record No. 1]. In that motion, he sought the entry of an emergency/ preliminary injunction requiring the Eastern Kentucky Correctional Complex ("EKCC") to provide him with medical care and treatment which he considered to be proper and necessary.[2] He alleged that the defendants were violating his rights under the Eighth Amendment of the United States Constitution by denying him adequate medical treatment and making him sleep in a lower bunk bed.

---

[1] The tendered "complaint" consists of a two-inch thick set of documents, including but not limited to medical records, grievances and response to grievances, handwritten statements from other inmates, and a November 3, 2005 complaint which the plaintiff filed with the Kentucky Board of Medical Licensure against Defendant Dr. Bahir Ameji.

[2] The plaintiff had previously been confined in the EKCC and was confined there during the complained-of events described in his Motion.

By Memorandum Opinion and Order ("Opinion and Order") and Judgment, the Court denied that motion and dismissed this proceeding on January 3, 2006 [Record Nos.7 and 8]. The Court determined that for various reasons, set forth in detail in the Opinion and Order, the plaintiff had not established grounds to justify the entry of a preliminary injunction. The Court will not reiterate its findings and conclusions in this Order.

## DISCUSSION

In his current "Motion to Reconsider and Amend" [Record No. 10], the plaintiff seeks relief under Fed.R.Civ.P. 59(e). Under Rule 59(e), there are three grounds for a court to amend a judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59 motion is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

The Court determines that the plaintiff has not satisfied the criteria under Rule 59(e) and that the motion must be denied. The plaintiff essentially reargues the allegations of his initial motion [Record No. 1] and lists numerous other individuals whom he wants to add as named defendants to this action. The Court concluded in the Opinion and Order that the plaintiff had alleged only a difference of opinion as to the sufficiency of the medical treatment he received at the EKCC. Nothing in the plaintiff's current submission convinces the Court that it reached the wrong decision.

Plaintiff states that he chose not to assert certain claims, which arose between 2001 and 2003, at the time they actually arose. Those claims are clearly barred by the relevant one-year statute of limitations, and the Court will not reconsider its ruling on that issue.

He next argues that for various reasons, he was unable to offer evidence that he had grieved his Eighth Amendment claims. He contends that his grievances were still being considered by prison and state officials at the time he filed his "Motion for Preliminary Injunction" on November 14, 2005. The numerous documents that the plaintiff attached to the "Complaint" [Record No. 12] substantiate that the plaintiff was still in the process of administratively exhausting his various claims when he filed his "Motion for Preliminary Injunction" on November, 14, 2005.

The plaintiff attached various grievances to, and responses from, EKCC and Kentucky Department of Corrections ("KDOC") officials from December, 2005. One document is a denial of an appeal related to the bunk bed assignment, which John Rees, the Commissioner of the KDOC issued on December 16, 2005, four weeks *after* the plaintiff filed his "Motion for Preliminary Injunction." These filings reflect that the plaintiff had *not* exhausted his Eighth Amendment claims when he filed his "Motion for Preliminary Injunction," which is the requirement under current law.

Pursuant to the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. §1915A ("the PLRA"), the Court is not empowered to allow the plaintiff to amend the complaint to cure a jurisdictional deficiency. Prior to the enactment of the PLRA, there was a recognized trend in many federal courts to allow *pro se* plaintiffs to amend a complaint if it lacked some relevant jurisdictional element. See, e.g., *Bianco v. Internal Revenue Service*, 1994 WL 538020 (S.D. N.Y. October 3, 1994); *Fluellen v. United States Department of Justice Drug Enforcement Administration*, 816 F. Supp. 1206 (E.D. Mich. 1993) (district court allowed plaintiff to amend his complaint under

3

Fed.R.Civ.P. 15(a) where he had improperly named the two federal agencies as defendants in a complaint); and *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983) (district court may not *sua sponte* dismiss a complaint unless the court first gives the plaintiff the opportunity to correct deficiencies).

This Court is, however, bound to follow the PLRA and more recent dictates established by the Sixth Circuit, relating to the amendment of complaints required to be screened under §1915A of the PLRA. The case of *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), holds that the moment a complaint is filed under either 28 U.S.C. §1915A or 28 U.S.C. §1915(e)(2), it is subject to review under §1915(e)(2), and that a complaint must be dismissed if it satisfies the factors of §1915(e)(2).[3] In *McGore*, the Sixth Circuit expressly observed that "The [PLRA] has overruled the [liberal amendment] procedures set forth in *Tingler v. Marshall*." *See McGore*, 114 F.3d at 612.

The Sixth Circuit held in *McGore* that if a complaint subject to screening was required to be dismissed under §1915(e)(2) "*when filed*, the district court should sua sponte dismiss the complaint." *Id.* (Emphasis Added). Thus, the proper inquiry under *McGore* is whether the complaint sufficiently establishes grounds for subject matter jurisdiction *when it is filed*. *See also Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) ("As we held in *McGore*, a plaintiff in a case covered by the PLRA may not amend his complaint to avoid *sua sponte* dismissal);[4] *Williams v. Johnson*, 55 Fed. Appx. 736, 737

---

[3]

*McGore* held that the PLRA's prohibition against amendment applies to dismissal under both prongs of 28 U.S.C. § 1915(e)(2) (the first providing for dismissals on incorrect allegations of poverty, 28 U.S.C. §1915(e)(2)(A), and the second providing for dismissal for failure to state a claim upon which relief may be granted, 28 U.S.C. §1915(e)(2)(B).

[4]

The Sixth Circuit also observed in *Baxter v. Rose* that: "The possibility of amendment undermines the screening process, preventing courts from efficiently evaluating whether the plaintiff met the exhaustion requirement." *Id.* at 489.

4

2003 WL 264723, **2 (6th Cir. (Ky.) February 6, 2003) (Not selected for publication in the Federal Reporter) (plaintiff's argument that this court should have allowed him to amend his complaint and conduct discovery was unavailing "because the court had no discretion under the Prison Litigation Reform Act to permit amendment of the complaint in order to avoid dismissal. *See McGore, 114 F.3d at 612*."). There are other unpublished Sixth Circuit opinions which adopt this conclusion.[5] Under *McGore*, the Court is not authorized to allow the plaintiff to amend his previously dismissed motion/complaint so that he can *now,* after the fact, demonstrate exhaustion.

Plaintiff is reminded that the Court dismissed his claims against the defendants arising between July 4, 2004, and October 8, 2005, *without* prejudice. He may therefore file a new action on those claims, but he must either pay the $250.00 filing fee or again seek *in forma pauperis status* (and pay an additional initial partial filing fee) if he so elects. The Court will not reconsider or amend its Order denying the "Motion for Preliminary Injunction" and dismissing this action.

Finally, while the payment of the partial filing fee assessed in this proceeding [05-CV-218-HRW] may indeed infringe upon the plaintiff's ability to purchase other items at the EKCC, the Court is not authorized to waive the payments of the fees. Under 28 U.S.C. §1915(b)(1), a district court does not have at-will discretion to amend the terms and conditions of partial payments from prisoners if the inmate account reveals that funds are available. Prisoners, like any other plaintiffs,

---

[5]

*See Caldwell v. Commonwealth of Kentucky*, 238 F.3d 420, 2000 WL 1872054 (6th Cir. (Ky.) December 15, 2000) (Table) (Unpublished Disposition) ("Since Caldwell's complaint failed to state a claim for relief *at the moment of filing*, the dismissal of the complaint prior to amendment was appropriate even though Caldwell had paid the initial partial filing fee. *See McGore*, 114 F.3d at 608, 612; *accord* 28 U.S.C. §1915A.") (Emphasis Added); *Bell v. Rowe*, 178 F.3d 1293, 1999 WL 196531, **1 (6th Cir. (Ohio) March 22, 1999) (Table) (Unpublished Disposition) ("Since Bell's complaint is time barred, and was frivolous *at the moment of filing*, the district court properly dismissed the complaint pursuant to the provisions of §1915(e). *See McGore*, 114 F.3d at 609. *The district court was not required to permit Bell to amend his complaint in order to avoid dismissal*.") (Emphasis Added).

must defray the costs of litigation they choose to initiate.

The Court notes that Plaintiff McDanel was relieved of the obligation to pay his filing fee *in full*, *in advance*, which most other civil litigants are required to do. The plaintiff's custodian must therefore remit payments to the Clerk of this Court in the manner prescribed [*See* Record No.6].

As the Court will deny the plaintiff's "Motion to Reconsider and Amend Preliminary Injunction" [Record No. 10], it will also order the Clerk to **STRIKE** the tendered "Complaint" [Record No. 12] from the record and return it to the *pro se* plaintiff.

<u>CONCLUSION</u>

Accordingly, **IT IS ORDERED** as follows:

(1) The plaintiff's "Motion to Reconsider and Amend Preliminary Injunction" [Record No. 10] is **DENIED**.

(2) The plaintiff's "Motion for Leave to Dispense with Any Copy Requirement" [Record No. 11] is **GRANTED**.

(3) The plaintiff's "Complaint" [Record No. 12] is **STRICKEN** from the record.

(4) The Clerk of the Court is directed to note the striking of Record No. 12 on the docket sheet and to return the **original** submission [Record No. 12] to the *pro se* plaintiff at the EKCC.

This February 1, 2006.

J        Signed By:
Henry R Wilhoit Jr.
United States District Judge